IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREE SPEECH COALITION INC., et al.,

    *Plaintiffs*,

v.                                                                  Case No.:  4:24cv514-MW/MAF

ASHLEY MOODY,

    *Defendant.*

_____/

## ORDER GRANTING MOTION TO STAY

This Court has considered, without hearing, Defendant's motion to stay this action pending the Supreme Court's ruling in *Free Speech Coalition, Inc. v. Paxton*, No. 23-1122, ECF No. 9, Plaintiffs' response in opposition, ECF No. 14, and Defendant's notice of supplemental authority, ECF No. 17.

This case involves Plaintiffs' constitutional challenges to a Florida law requiring age verification for online access to websites that publish "material harmful to minors." Plaintiffs assert the challenged provision is an unconstitutional content-based restriction on protected speech that violates the First Amendment, overbroad in violation of the First Amendment, unconstitutionally vague in violation of the Fourteenth Amendment, violative of the Plaintiffs' rights under the Commerce Clause, and preempted by federal law under the Supremacy Clause. *See* ECF No. 1. Almost a week after the law went into effect on January 1, 2025, Plaintiffs moved

for a preliminary injunction based on their First and Fourteenth Amendment claims and their preemption claim. ECF No. 13. Plaintiffs filed this motion along with their response to Defendant's motion to stay these proceedings.

Defendant asks this Court to exercise its "broad discretion" to stay the proeedings in this case until the Supreme Court issues a ruling in an appeal now pending from the Fifth Circuit Court of Appeals involving a similar age-verification law out of Texas. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). The Petitioners in *Paxton* frame the question presented as "Whether the Fifth Circuit erred in vacating a preliminary injunction of Texas House Bill 1181 by applying rational-basis review rather than strict scrutiny to provisions of the law that impose a content-based burden on adults' access to constitutionally protected speech." Brief for Petitioner at *i, Free Speech Coalition, Inc. v. Paxton*, No. 23-1122, 2024 WL 4241180 (Sep. 16, 2024). Defendant asserts the resolution of this appeal will inform the level of scrutiny this Court must apply to Plaintiffs' First Amendment challenge, and thus, this Court should enter a limited stay of the proceedings in the case until the Supreme Court rules on the case before it, likely by the end of June 2025.

"A variety of circumstances may justify a district court stay pending resolution of a related case in another court." *Ortega Trujillo v. Conover & Co.*

*Comms., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Here, this Court agrees with Defendant that resolution of the *Paxton* case will likely provide substantial guidance with respect to what level of scrutiny applies to Plaintiffs' First Amendment challenge. The Supreme Court heard oral arguments in the *Paxton* case yesterday, and it was apparent from the arguments that the Supreme Court's ruling in this case is substantially likely to inform this Court's analysis of Plaintiffs' First Amendment claim, the level of scrutiny that should apply, and how that may impact the merits of Plaintiffs' claim. This guidance would also likely inform the analysis applicable to Plaintiffs' overbreadth and vagueness challenges. As Plaintiffs assert in their motion for preliminary injunction, "[a]n overbreadth analysis often engages in the same questions as [Plaintiffs' proposed analysis applicable to Plaintiffs' First Amendment claim]," ECF No. 13 at 29, and "overbreadth challenges overlap substantially with Fourteenth Amendment void-for-vagueness challenges," *id*.

Nonetheless, Plaintiffs oppose a stay, asserting their First Amendment rights trump the interests furthered by awaiting critical guidance from the Supreme Court and the judicial economy that would result in the event a stay is granted.[1] Although

---

[1] Although their First Amendment rights may be injured each day the law remains in effect, this Court also notes that Plaintiffs waited to seek preliminary injunctive relief until *after* the law went into effect. At this juncture, the status quo at the time Defendant moved to stay this action was that Plaintiffs are subject to the challenged law. Plaintiffs' own cited authority suggests the status quo in this case counsels in favor of permitting the law to remain in effect while awaiting the Supreme Court's ruling in *Paxton*. *See Free Speech Coalition, Inc. v. Rokita*, No. 24-2174, 2024 WL 3861733, at *1 (7th Cir. Aug. 16, 2024) (Rovner, J., concurring in part and dissenting in

3

Plaintiffs have brought other constitutional challenges, their First Amendment claims predominate in this case. Plaintiffs' argument against a stay presumes that Plaintiffs are substantially likely to succeed on the merits of their First Amendment claims in the event this Court applies strict scrutiny review to the challenged law. But, as this Court noted above, the appropriate level of scrutiny to apply to laws like the one at issue here is squarely at issue before the Supreme Court.

Ultimately, this Court must balance the interests of judicial economy and the asserted impact that a stay on this proceeding will have on Plaintiffs' First Amendment rights. This Court recognizes that Plaintiffs' speech is chilled every day the challenged law is in effect, but, given the substantial guidance the Supreme Court is likely to provide in its ruling in *Paxton* and the impact this guidance will have on this Court's analysis of Plaintiffs' primary constitutional claims, along with Plaintiffs' decision to allow the law to go into effect before seeking preliminary injunctive relief, this Court concludes that a limited stay of these proceedings is both appropriate and necessary in this case. Accordingly, Defendant's motion to stay, ECF No. 9, is **GRANTED**. This action is **STAYED until July 3, 2025, or the Supreme Court issues its opinion in the *Paxton* case, whichever happens sooner.**

---

part) (noting that Supreme Court decision to allow the Texas law to remain in effect pending appeal "left the case as it found it, leaving the parties no worse off then they had been")).

4

The Clerk shall **TERMINATE** the motion for preliminary injunction, ECF No. 13, to be re-gaveled when the stay in this case is lifted.

**SO ORDERED on January 16, 2025.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**